IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:12-cv-373-FL

| | |
|---|---|
| GREGORY M. MABELEY,<br><br>Plaintiff,<br><br>vs.<br><br>MEMC ELECTRONIC MATERIALS, INC.,<br>MEMC PASADENA, INC.,<br>PCS PHOSPHATE COMPANY, INC.,<br>PCS SALES (USA), INC.,<br>FIBA TECHNOLOGIES INC. and<br>RICHARDS INDUSTRIES, INC.,<br><br>Defendants. | **AMENDED<br>CONSENT PROTECTIVE ORDER** |

With the consent and upon the request of all Parties, through their respective counsel, as shown by their signatures below, it is hereby ORDERED by the Court that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following restrictions and procedures shall apply to protect the confidentiality of certain documents that may be produced in this litigation. This Amended Consent Protective Order is only amended to add the signature of the Parties. For good cause shown, the Court hereby approves and enters the following Protective Order:

1. This is a personal injury lawsuit arising out of the alleged release of gas and vapors from a compressed gas tube-trailer at a truck stop on July 16, 2008. Plaintiff, a tractor-trailer driver, was transporting the cargo from Aurora, North Carolina to a facility in Pasadena, Texas. Plaintiff alleges that he inhaled poisonous gas that was leaking from the trailer when he stopped for fuel at a truck stop in Kenly, North Carolina. Plaintiff alleges the gas leak was caused by defective valves and defective threads on a

hose cap on the trailer. The Plaintiff has sought discovery regarding Defendants' designs, specifications, testing procedures, distribution and sale of equipment involved in, or similar to the equipment involved in, the alleged gas leak. Defendants contend this information can contain trade secret or other confidential research, development, or commercial information that should not be disclosed, or be disclosed only in a designated way pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Additionally, Defendants may seek similar information from each other, and may seek personal information concerning the Plaintiff that Plaintiff may seek to keep confidential.

2. Counsel for any Party may designate any "Discovery Materials" (as defined herein) as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or a third party whose interest may be affected.

3. "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this litigation.

4. Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL." Discovery Materials designated CONFIDENTIAL shall be referred to herein as "Confidential Discovery Materials."

5. Confidential Discovery Material shall be maintained in strict confidence by the Parties who receive such Confidential Discovery Material, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

2

(a) The Court and persons assisting the Court in the litigation process (including, but not limited to, court personnel, court reporters, the jury, stenographic reporters and videographers);

(b) The attorneys of record in this litigation and their partners, employees, and associates who are assisting in the litigation;

(c) A party deemed necessary by receiving counsel for the prosecution, defense or settlement of this litigation;

(d) Subject to the terms of Paragraph 6 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties solely for the purposes of this litigation;

(e) Subject to the terms of Paragraph 6 below, any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Discovery Materials during and in preparation for his/her testimony and may not retain the Confidential Discovery Materials; and

(f) Subject to the terms of Paragraph 6 below, any other person as to whom the Parties may agree in writing.

6. With respect to persons identified in Paragraph 5 (d), (e) and (f), each person must be provided with a copy of this Order and must sign a Certification in the form set forth as **Exhibit A** attached hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing Confidential Discovery Materials to a witness who created or previously received such information.

7. If a Party, through inadvertence, produces any Confidential Discovery Material without marking or designating it as such in accordance with the provisions of this Order, the Party may furnish a substitute copy properly marked along with written notice (or written notice alone as to non-documentary information) that such information

is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. In addition, the provisions of this Order shall apply to Discovery Materials produced prior to the date this Amended Consent Protective Order is signed by the Parties and to the extent that such Discovery Materials are marked CONFIDENTIAL. Specifically, the document attached as Exhibit A to FIBA's First Set of Request for Admission to MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc. shall be deemed CONFIDENTIAL and subject to the protections of this Order.

8. A Party may designate as CONFIDENTIAL any portion of a deposition transcript that contains Confidential Discovery Material. The Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material, either orally at the deposition or in writing no later than twenty (20) days after receipt of the transcript. Until the end of the twenty (20) day period, the Parties shall treat the entire transcript as Confidential Discovery Material. The court reporter shall mark CONFIDENTIAL on the face of the transcript at the beginning and end of any portions thereof so designated. Copies of the transcript for counsels' use may contain the confidential testimony and other testimony in a single volume. Notwithstanding the foregoing, this provision shall not apply with respect to any deposition taken prior to the date this Amended Consent Protective Order is signed by the Parties.

9. If Confidential Discovery Material, including any portion of a deposition transcript designated as CONFIDENTIAL, is included in any papers to be filed with the Court, such Confidential Discovery Material shall be filed separately under seal pursuant to the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d

4

178, 180-81 (4th Cir. 1988) and as set forth below. Filing under seal shall be without prejudice to any Party's right to argue that such document is not confidential and need not be preserved under seal.

10. Each time a Party seeks to file under seal confidential documents, things, and/or information, said Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balances of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Party must set out such findings in a proposed order to seal for the Court.

11. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding. All Parties reserve the right to challenge the designation of documents, materials, or testimony as CONFIDENTIAL.

12. If at any time a Party objects to a designation of Discovery Material as CONFIDENTIAL under this Order, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. While any such application to the Court is pending, the

5

documents or material subject to that application will remain confidential until the Court rules.

13.     This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this litigation, whether or not such material is also obtained through discovery in this litigation, or from disclosing its own CONFIDENTIAL material as it deems appropriate.

14.     Upon the termination of this action, all Parties shall either return all CONFIDENTIAL material or destroy all CONFIDENTIAL material. Any Party in possession of such CONFIDENTIAL material shall, within thirty (30) days from the termination of this action, provide a written accounting for all CONFIDENTIAL material provided to that Party (including any material distributed to third persons under the terms and conditions of this Order).

15.     This Order shall survive settlement, judgment or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Violation of the terms and conditions of this Order shall be treated as contempt.

16.     Nothing in this Order shall be interpreted to prevent a Party from redacting materials or information designated CONFIDENTIAL to protect privileged information or material, information or material absolutely protected from discovery, or information that the producing Party does not believe is properly discoverable, so long as the Party clearly identifies the privilege or other basis for the redaction and provides a log setting forth the basis or bases for the redaction. The receiving Party shall have the right, upon motion, to seek *in camera* review of any redacted material.

17. The terms of this Order may be modified by mutual agreement of the Parties. Such modification shall be in writing, signed by all Parties.

This the 19th day of March, 2013.

*Louise W. Flanagan*

LOUISE W. FLANAGAN
U.S. District Court Judge

WE REQUEST AND CONSENT
TO THE FOREGOING:


/s/ Randall J. Phillips
Randall J. Phillips
rphillips@carolinalaw.com
Lauren O. Newton
Charles G. Monnett, III & Associates
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
*Attorneys for Plaintiff*

/s/ Kevin L. Chignell
Kevin L. Chignell
kevinchignell@parkerpoe.com
Andrew A. Bennington
andrewbennington@parkerpoe.com
Parker Poe Adams & Bernstein LLP
P.O. Box 389
Raleigh, NC 27602-0389
*Attorneys for PCS Phosphate Company, Inc. and PCS Sales (USA), Inc.*

/s/ Marc C. Tucker
Marc C. Tucker
marc.tucker@smithmoorelaw.com
Bradley M. Risinger
brad.risinger@smithmoorelaw.com
Eric A. Snider
eric.snider@smithmoorelaw.com
Smith Moore Leatherwood LLP
P.O. Box 27525
Raleigh, NC 27611
*Attorney for MEMC Electronic Materials, Inc. and MEMC Pasadena, Inc.*

/s/ William W. Pollock
William W. Pollock
bpollock@rl-law.com
Amie C. Sivon
Ragsdale Liggett PLLC
P.O. Box 31507
Raleigh, NC 27622-1507
*Attorney for Richards Industries, Inc.*

8

Case 5:12-cv-00373-FL   Document 33   Filed 03/19/13   Page 8 of 10

/s/ Susan H. Cooper
Susan H. Cooper (NC State Bar No. 19966)
Brad A. De Vore (NC State Bar No. 13474)
W. Clark Goodman (NC State Bar No. 19927)
Attorneys for Defendant FIBA Technologies, Inc.
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, NC 28202-6037
Telephone: (704) 331-4948
Facsimile: (704) 444-8170
E-mail: sucooper@wcsr.com; bdevore@wcsr.com; cgoodman@wcsr.com
*Attorneys for FIBA Technologies, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:12-cv-373-FL

| | |
|---|---|
| GREGORY M. MABELEY,<br><br>Plaintiff,<br><br>vs.<br><br>MEMC ELECTRONIC MATERIALS, INC.,<br>MEMC PASADENA, INC.,<br>PCS PHOSPHATE COMPANY, INC.,<br>PCS SALES (USA), INC.,<br>FIBA TECHNOLOGIES INC. and<br>RICHARDS INDUSTRIES, INC.,<br><br>Defendants. | **AMENDED**<br>**CONSENT PROTECTIVE ORDER**<br>**CERTIFICATION** |

The undersigned hereby certifies that he/she has read the Amended Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

_____

Name: _____

Date: _____

Signed in the presence of:

_____

Attorney for _____